UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| GERMAN PARRA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01597-SEB-KMB[1] |
| | ) | |
| CREAR Deputy, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER ON PENDING MOTIONS, SCREENING SECOND AMENDED COMPLAINT, AND DIRECTING FURTHER ACTION**

Pending before the Court are several motions. The Court addresses each in turn below.

**I.    Plaintiff's Motion for Counsel, dkt. 82**

Mr. Parra has filed a motion seeking assistance recruiting counsel. Dkt. 82. Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

---

[1] This case was originally opened on the docket of our Evansville Division of the Court under Case No. 3:23-cv-00218-RLY-CSW. It was recently transferred to the Indianapolis Division and assigned a new case number. All future filings in this case should be filed under the new case number, which is 1:25-cv-01597-SEB-KMB.

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). These two questions "must guide" the court's determination whether to attempt to recruit counsel, *Id.,* and require an individualized assessment of the plaintiff, the claims, and the stage of litigation. *See Pruitt*, 503 F.3d at 655-56.

The first issue, whether litigants have made a reasonable attempt to secure private counsel on their own, "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan*, 987 F.3d at 682. Mr. Parra reports that he has attempted without success to contact multiple attorneys with requests for representation. This constitutes a reasonable effort to recruit counsel on his own prior to seeking the Court's assistance. We encourage him to continue his efforts to secure counsel.

"The second inquiry requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself." *Eagan*, 987 F.3d at 682 (citing *Pruitt*, 503 F.3d at 655). "The court's competency evaluation should account for 'the plaintiff's literacy, communication skills, educational level, and litigation experience,' and, to the extent that such evidence is before the court, information 'bearing on the plaintiff's intellectual capacity and psychological history.'" *Watts*, 42 F.4th at 760 (quoting *Pruitt,* 503 F.3d at 655). "Specifically, courts should consider 'whether the difficulty of the case— factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.'" *Eagan*, 987 F.3d at 682 (quoting *Pruitt,* 503 F.3d at 655).

"This assessment of the plaintiff's apparent competence extends beyond the trial stage of proceedings; it must include 'the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial.'" *Id.* (quoting *Pruitt,* 503 F.3d at 655).

Mr. Parra's motion is not premised on his need for counsel based on his medical, educational, or other similar limitations. The only specific reason Mr. Parra provides for requiring counsel is that he has limited access to law library resources in prison. This challenge is not uncommon; it is faced by most incarcerated litigants. Mr. Parra will be entitled to extensions of time when appropriate, if he cannot meet a Court-imposed deadline due to limited law library access. *See Decker v. Sireveld*, 109 F.4th 975, 984−85 (7th Cir. 2024) (finding no abuse of discretion when court denied the plaintiff's request for counsel because, despite being housed in a restricted housing unit with limited law library access, the court explained that it could extend deadlines as needed).

Mr. Parra also premises his request for counsel on the complexity of the legal issues involved. However, these proceedings do not suggest that they are beyond his competence to litigate on his own. For example, Mr. Parra alleges that he was subjected to unconstitutional conditions of confinement, denied meaningful reviews of his ongoing placement in administrative segregation, and threatened with adverse action if he did not sign a document in the wake of an investigation into the suicide of another inmate. Many of these facts are within his personal knowledge, and, to the extent they are not, Mr. Parra's already conducted extensive discovery, including non-party discovery, and multiple discovery motions reveal a level of sufficient skill and insight for him to proceed on his own. *See, e.g.*, dkts. 53, 84, 102; *see also* dkt. 99 (summarizing the discovery requests Mr. Parra has served). His filings to date are cogent, demonstrating an

ability to communicate effectively with the Court about both the facts and relevant law. *See, e.g.*, dkt. 100 (motion for leave to amend, discussing relation back doctrine); dkt. 100-2 (proposed amended complaint, discussing legal theories underpinning his claims). Thus, the Court holds that Mr. Parra is sufficiently competent to continue to litigate this case without assistance of counsel, at least through the completion of summary judgment briefing.

Accordingly, Mr. Parra's motion for assistance recruiting counsel is **denied without prejudice**. Dkt. [82]. The **clerk is directed** to send Mr. Parra a form motion for assistance of recruited counsel, for his use if he chooses to renew his motion. The Court will remain alert to any changes in litigation circumstances that may warrant reconsideration of the motion, such as a settlement conference or trial.

**II.     Motion for Leave to Amend Complaint, dkt. 100**

On March 21, 2025, Mr. Parra filed a motion for leave to amend his complaint. Dkt. 100. Mr. Parra has indicated that he received discovery from Defendants on March 17, 2025, through which he discovered additional names of individuals whom he alleges were involved in violating his constitutional rights. *Id*. Mr. Parra states that he first requested this documentation on October 29, 2024, which was the day after discovery opened. *Id;* dkt. 38 at 5 (scheduling order stating that no discovery requests are permitted until after the Initial Pretrial Conference); dkt. 44 (Minute entry from October 28, 2024, telephonic initial discovery conference). Defendants do not object to Mr. Parra's motion for leave to amend complaint.

"Federal Rule of Civil Procedure 15 provides that, as a general rule, a court 'should freely give leave [to amend] when justice so requires.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Fed. R. Civ. P.* 15(a)(2)). But when, as here, a plaintiff moves to amend his complaint after the deadline for doing so has past, the Court applies the "heightened good-

4

cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014).

"In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). Mr. Parra has satisfied this threshold showing, having sought discovery on his claims as early as October 2024, and the delayed receipt of the requested documentation on March 17, 2025. The records provided by Defendants were previously unavailable to Mr. Parra and he promptly sought permission to amend his complaint after learning the identities of the individuals whom he believes participated in his restricted housing reviews. We assume Defendants' lack of objection to Mr. Parra's motion is premised on the fact that the amended pleading will not be prejudicial to them, in that he seeks simply to add additional defendants to the Fourteenth Amendment due process claim already before the Court. *See* dkt. 71 (Screening Order).

Accordingly, Mr. Parra's motion for leave to amend his complaint, dkt. [100], is **granted**. The **clerk is directed** to docket Mr. Parra's proposed second amended complaint, dkt. [100-2], as a separate document entitled "Second Amended Complaint." The Court performs the required screening of Mr. Parra's second amended complaint below.

### III. Screening the Second Amended Complaint

#### A. Screening Standard

Because Mr. Parra is incarcerated, the Court is required to screen his second amended complaint before it gets served on Defendants. 28 U.S.C. § 1915A(a), (c). When screening a complaint, the court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the court applies the same standard

as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### B.  The Second Amended Complaint

In his amended complaint, Mr. Parra seeks to add additional defendants to his Fourteenth Amendment due process claim. Beyond that change, the factual allegations remain the same.

In our previous Screening Orders, dkts. 8, 71, we noted that Mr. Parra alleges that he was placed in segregation from approximately October 20, 2020, until approximately April 1, 2022, without any legitimate justification. While in segregation, his surroundings were unsanitary, which conditions caused him on numerous occasions to become ill. His requests for medical care for these conditions and for hygiene products were denied. He was also denied access to recreation and regular showers. He informed Deputy Crear, Deputy Bostock, Deputy Spayd, Deputy Wheeler, Deputy Taybior, Deputy Summers, Deputy Kumar, Deputy Phillips, Staff Middleton, Deputy Horner, Deputy Mather, Deputy Guerero, Sergeant Berthelette, and Deputy Ellis of the conditions, but none of them responded to his requests.

Mr. Parra further alleges the length of time he was improperly placed into and kept in segregation was excessive. The Restrictive Housing Review Boards that were conducted did not result in any appropriately meaningful review of his placement. The individuals he alleges were

responsible for wrongly placing and retaining him in restricted housing are Deputy Bostock, Deputy Spayd, Deputy Crear, Deputy Schoenbeck, and Deputy Ellis, each of whom the Court has previously determined can be sued for Mr. Parra's Fourteenth Amendment due process claims. *See* dkt. 71. The following individuals he seeks to add as defendants allegedly participated in the inadequate Restrictive Housing Review Boards: Captain Darrel Smith, Captain Tia Shanklin, Sgt. James Koers, Ms. Megan Andrews, Mr. John Deiter, Mr. Sara Ledford, Chap. Adelalda Guerra, Lt. Allen Ward, Major Melissa Hamblen, Mr. Jason Fitzgerald, Ms. Ashley Williams, Ms. Ayana Brown, Chap. Thomas Jadrich, and Sgt. Harry Rail.

Mr. Parra finally asserts that another inmate residing in his housing unit threatened to commit suicide, in response to which Deputy Wheeler simply left him alone in his cell, saying, "Shut up and do it already then." Dkt. 110-2 at 26. Soon thereafter, Mr. Parra heard a bed sheet being torn in the new inmate's cell, followed by labored breathing and a physical banging, prompting him and numerous others to call for assistance. Deputy Wheeler ignored these pleas for help over the course of approximately one to two hours, at which time the inmate's dead body was retrieved by staff. The following day, Deputies Wheeler and Mather forced Mr. Parra and the other inmates in that housing unit to sign a paper about the event, and when Mr. Parra resisted signing the paper, Deputy Wheeler replied that, if he did not sign, Deputy Wheeler would take away his recreation for a "very long time" and "make his life hell in here." *Id.* at 27.

### C. Discussion of Claims

Applying the screening standard to these factual allegations set out in the second amended complaint, we hold that the following claims may proceed:

First, Fourteenth Amendment claims based on Mr. Parra's allegations of the unconstitutional conditions of confinement, denial of medical care, and denial of recreation; these

**shall proceed** against Deputy Crear, Deputy Bostock, Deputy Spayd, Deputy Wheeler, Deputy Taybior, Deputy Summers, Deputy Kumar, Deputy Phillips, Staff Middleton, Deputy Horner, Deputy Mather, Deputy Guerero, Sergeant Berthelette, and Deputy Ellis.

Second, Fourteenth Amendment claims due process based on Mr. Parra's allegations of continued placement in segregation without meaningful review; these **shall proceed** against Deputy Bostock, Deputy Spayd, Deputy Crear, Deputy Schoenbeck, Deputy Ellis, Captain Darrel Smith, Captain Tia Shanklin, Sgt. James Koers, Ms. Megan Andrews, Mr. John Deiter, Mr. Sara Ledford, Chap. Adelalda Guerra, Lt. Allen Ward, Major Melissa Hamblen, Mr. Jason Fitzgerald, Ms. Ashley Williams, Ms. Ayana Brown, Chap. Thomas Jadrich, and Sgt. Harry Rail.

Finally, First Amendment claims **shall proceed** against Deputy Wheeler and Deputy Mather. In our prior Screening Orders, we described this claim as a First Amendment retaliation claim, on the ground that Mr. Parra's allegations supported an inference that Deputy Wheeler and Deputy Mather were compelling him to sign off on false statements. *See, e.g.*, dkt. 8 at 7. With the benefit of more recent information submitted to the Court, we here clarify that this claim apparently is not based on retaliation against Mr. Parra by Deputy Wheeler and Deputy Mather for his having engaged in protected First Amendment activity. Rather, the claim appears to be an "anticipatory retaliation" or "chilling claim." Such a claim is available when it is alleged that a defendant threatened Plaintiff with harm if he engaged in protected First Amendment activity. *See Beatty v. Henshaw*, 826 F. App'x 561, 563–64 (7th Cir. 2020) (collecting cases and discussing First Amendment "chilling" claims). Not just any threat will suffice. The alleged threatened harm must be likely to deter First Amendment activity in the future. *Id.* Construing Mr. Parra's second amended complaint liberally, as we must, we find that he has adequately alleged a First Amendment anticipatory retaliation or chilling claim based on Mr. Parra and others having asked

8

Deputy Wheeler for help when another inmate was in the process of trying to commit suicide and thereafter succeeded in doing so only to be ignored by Deputy Wheeler for an extended period of time. The next day, Deputy Wheeler and Deputy Mather confronted Mr. Parra to demand that he sign a paper, while refusing to identify what it was. Deputy Mather also threatened Mr. Parra to make his life "hell" and to take away his recreation for a "very long time." These allegations give rise to a plausible inference that Deputy Wheeler and Deputy Mather were trying to force Mr. Parra to make false statements about Deputy Wheeler's actions during the other inmate's suicide or to otherwise prevent him from making true statements about the event.

This summary of claims incorporates all of the viable claims thus far identified by the Court. Nothing in this Order precludes the filing of a proper motion to dismiss by Defendants. The Court addresses service of process relative to the second amended complaint, *infra*.

### IV. Motion for Extension of Time to Respond to Plaintiff's Amended Complaint, dkt. 93

The defendants who have previously appeared in this action have filed a motion seeking additional time to respond to Mr. Parra's first amended complaint. In light of this Order, the operative complaint is now the second amended complaint, dkt. 100-2. Accordingly, the motion for additional time to answer the first amended complaint, dkt. [93], is **denied as moot.** The defendants who have previously appeared and waived service in this action[2] shall answer or otherwise respond to the second amended complaint within **14 days of the date of this Order**. *See* Fed. R. Civ. P. 15(a)(3).

### V. Defendants' Motion for Summary Judgment, dkt. 107; Motion to File Oversized Brief in Support of Motion for Summary Judgment, dkt. 108; and Plaintiff's

---

[2] Those defendants are Defendants Bostock, Spayd, Wheeler, Taybior, Summers, Kumar, Phillips, Middleton, Mather, Guerero, and Berthelette ("Represented Defendants").

9

**Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment, dkt. 111**

Certain defendants have moved for summary judgment directed towards the claims set out in the first amended complaint and also sought leave to file an oversize summary judgment brief. Dkts. 107, 108. Because the first amended complaint is no longer the operative complaint in this action, the motion for summary judgment, dkt. [107], is **denied without prejudice**, and the motion for leave to file an oversize brief, dkt. [108], is also **denied as moot**.

Plaintiff has filed a motion for extension of time to file his response to the defendants' motion for summary judgment. Dkt. 111. That motion, dkt. [111], is **denied as moot**.

### VI. Motions to Extend Case Deadlines, dkts. 85, 103

Defendants have filed two motions to extend their deadline to respond to some of Mr. Parra's discovery requests and to extend various other case deadlines. Dkts. 85, 103. Those motions are **granted** in the following respects:

(1) The Represented Defendants shall have **14 days from the date of this Order** to respond to any outstanding discovery requests and supplement their initial disclosures, as needed.

(2) Additional discovery in this case is hereby **suspended**. The parties are permitted to continue their efforts to resolve existing discovery disputes, including filing motions to compel based on those disputes, but no party is permitted to serve additional discovery requests without obtaining leave of court.

(3) All other deadlines previously imposed in this case are hereby **suspended**.

(4) After the newly added defendants appear and answer, the court will address all issues relating to the imposition of revised deadlines in this litigation.

### VII. Plaintiff's Motions to Compel, dkts. 84, 105

Mr. Parra has filed two motions to compel, both addressed to certain aspects of discovery responses provided by defendants who have previously appeared in the case. Dkts. 84, 105. It is evident from Mr. Parra's motions and the responses to those motions that he has served voluminous discovery requests. Following the filing of his motions to compel, defense counsel filed responses explaining that their discovery responses had been significantly supplemented to address Mr. Parra's concerns. Dkts. 99, 106. Mr. Parra has not disputed those representations. Given the Court's clarifications as to the legal nature of Mr. Parra's First Amendment claims, Mr. Parra's motions to compel, dkts. [84] and [105], are hereby **denied without prejudice**. If Mr. Parra remains dissatisfied with any of the responses to any of the discovery requests he has previously served, he must confer with defense counsel. If those discussions do not resolve the dispute, renewed motions to compel addressing any remaining disputes may be filed within **30 days of the date of this Order**. Discovery is, however, otherwise currently **closed**. After the newly added defendants have appeared and answered, the Court will issue appropriate discovery orders as to those claims.

### VIII. Summary, Conclusion, and Service of Process

As explained above, Mr. Parra's motion for assistance in securing recruited counsel, dkt. [82], is **denied without prejudice**. His motions to compel, dkts. [84] and [105], are **denied without prejudice** per Section VII. The motion for additional time to answer the first amended complaint, dkt. [93], is **denied as moot**. The motions to extend other case deadlines, dkts. [85] and [103], are **granted** per Section VI. The motion for summary judgment, dkt. [107], is **denied without prejudice**, and the motion for leave to file an oversized summary judgment brief, dkt. [108], and Mr. Parra's motion for extension of time to file his summary judgment response, dkt. [111], are **denied as moot**. The motion for leave to amend, dkt. [100], is **granted**.

The claims at bar that have survived screening and shall proceed are as follows:

- The Fourteenth Amendment conditions of confinement claims against Deputy Crear, Deputy Bostock, Deputy Spayd, Deputy Wheeler, Deputy Taybior, Deputy Summers, Deputy Kumar, Deputy Phillips, Staff Middleton, Deputy Horner, Deputy Mather, Deputy Guerero, Sergeant Berthelette, and Deputy Ellis.

- The Fourteenth Amendment due process claims against Deputy Bostock, Deputy Spayd, Deputy Crear, Deputy Schoenbeck, Deputy Ellis, Captain Darrel Smith, Captain Tia Shanklin, Sgt. James Koers, Ms. Megan Andrews, Mr. John Deiter, Mr. Sara Ledford, Chap. Adelalda Guerra, Lt. Allen Ward, Major Melissa Hamblen, Mr. Jason Fitzgerald, Ms. Ashley Williams, Ms. Ayana Brown, Chap. Thomas Jadrich, and Sgt. Harry Rail.

- The First Amendment claims against claims against Deputy Wheeler and Deputy Mather.

The Represented Defendants shall answer or otherwise respond to the second amended complaint within **14 days of the date of this Order**.

The **clerk is directed** to add the names of the following defendants to the docket: Captain Darrel Smith, Captain Tia Shanklin, Sgt. James Koers, Ms. Megan Andrews, Mr. John Deiter, Mr. Sara Ledford, Chap. Adelalda Guerra, Lt. Allen Ward, Major Melissa Hamblen, Mr. Jason Fitzgerald, Ms. Ashley Williams, Ms. Ayana Brown, Chap. Thomas Jadrich, and Sgt. Harry Rail.

The **clerk is directed** to update the docket to reflect the first names of the following defendants: Benjamin Bostock, Angela Spayd, Russell Wheeler, Bulu Taybior, Joseph Summers, Parveen Kumar, Ricky Phillips, Keith Middleton, Jonathan Mather, Austin Berthelette, Sebastian Guerero, Tanesha Crear, Derek Horner, Tina Schoenbeck, and James Ellis.

The **clerk is directed** to update the docket to reflect that Defendants Ellis and Schoenbeck are appearing *pro se*.[3]

The **clerk is directed** to enclose a blank form motion for assistance in recruiting counsel with Mr. Parra's copy of this Order.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Captain Darrel Smith, Captain Tia Shanklin, Sgt. James Koers, Ms. Megan Andrews, Mr. John Deiter, Mr. Sara Ledford, Chap. Adelalda Guerra, Lt. Allen Ward, Major Melissa Hamblen, Mr. Jason Fitzgerald, Ms. Ashley Williams, Ms. Ayana Brown, Chap. Thomas Jadrich, and Sgt. Harry Rail in the manner specified by Rule 4(d). Process to these defendants shall consist of the second amended complaint, dkt. [100-2], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

Previous attempts to serve Defendants Crear, Horner, Schoenbeck, and Ellis by sending notices and requests to waive service have proven unsuccessful. *See, e.g.*, dkts. 33, 37, 97, 98 (returned mail notices). Accordingly, the **clerk is designated**, pursuant to Fed. R. Civ. P. 4(c)(3), to issue process to defendants Tanesha Crear, Derek Horner, Tina Schoenbeck, and James Ellis. Process shall consist of a summons. **The Marshal for this District or his Deputy** shall serve the summonses, together with a copy of the second amended complaint, dkt. [100-2]; and a copy of this Order, at the expense of the United States.

---

[3] The court previously directed Defendants' counsel to clarify whether they represent Defendants Schoenbeck and Ellis, and they have clarified that that they do not. Dkts. 112, 113.

The Marshal is directed to attempt service on these defendants at the addresses set forth in docket 113. The last known addresses of all defendants are in Indiana, so service may be made by personal service or by certified mail to their last known home addresses.[4]

If service at these addresses is unsuccessful, the Marshal or his Deputy is directed to utilize his available resources to track down and serve Deputy Tanesha Crear, Deputy Derek Horner, Deputy Tina Schoenbeck, and Deputy James Ellis. *Williams v. Werlinger,* 795 F.3d 759 (7th Cir. 2015). The **clerk is directed** to release the information contained in dkt. 113 to the Marshal.

**IT IS SO ORDERED.**

Date:   8/15/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

---

[4] *See* Fed. R. Civ. P. 4(e)(1); Indiana Rules of Court 4.1(A)(1) (providing that service may be made by sending a copy of the summons and complaint by certified mail to defendant's residence with return receipt requested).

Distribution:

GERMAN PARRA
288321
BRANCHVILLE - CF
BRANCHVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

All Electronically Registered Counsel of Record via CM/ECF

Electronic Notice to USM-C

Captain Darrel Smith
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Captain Tia Shanklin
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Sgt. James Koers
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Ms. Megan Andrews
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Mr. John Deiter
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Ms. Sara Ledford
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Chap. Adelalda Guerra
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Lt. Allen Ward
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Major Melissa Hamblen
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Mr. Jason Fitzgerald
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Ms. Ashley Williams
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Ms. Ayana Brown
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Chap. Thomas Jadrich
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203

Sgt. Harry Rail
Marion County Sherriff's Office
695 Justice Way
Indianapolis, IN 46203